UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GONDECK and PETER G. O'MALLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 11 C 6341 |
| vs. | ) | |
| | ) | Judge Feinerman |
| A CLEAR TITLE AND ESCROW EXCHANGE, LLC, STEPHEN J. CORMIER, FIDELITY NATIONAL TITLE GROUP (d/b/a CHICAGO TITLE INSURANCE COMPANY and TICOR TITLE), SRV ASSOCIATES, LLC, THE LUX GROUP, LLC, SRV HOLDINGS & ASSOCIATES, LLC, MAREK R.V. HARRISON, and FIFTH THIRD BANK, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs James Gondeck and Peter O'Malley allege in this lawsuit that they were the victims of a fraudulent real estate scheme involving the misappropriation of funds they deposited into an escrow account that Defendant A Clear Title and Escrow Exchange, LLC, maintained at Defendant Fifth Third Bank. Now before the court are Fifth Third's Rule 12(b)(6) motion to dismiss the amended complaint and Defendant Fidelity National Title Group's Rule 12(c) motion for judgment on the pleadings. The primary basis for liability against Fifth Third is that it knew of (or reasonably should have investigated), and failed to prevent, the alleged misappropriation. The primary basis for liability against Fidelity is that A Clear Title acted as Fidelity's agent and therefore that Fidelity is responsible for A Clear Title's alleged misconduct. There are other defendants as well, but none are pertinent to resolution of the pending motions.

Plaintiffs' opposition briefs set forth additional facts—meaning facts not alleged in the amended complaint—that cast their claims in a different light. In response to Fifth Third's motion to dismiss, Plaintiffs say that Fifth Third received a subpoena from Florida police regarding an investigation of A Clear Title's escrow account, and that a victim of the fraud contacted Fifth Third and requested that the account be monitored. Doc. 32 at 5-6. It is possible that those alleged facts, if considered, would bolster Plaintiffs' claims against Fifth Third. *See* 760 ILCS 65/7 ("If a deposit is made in a bank to the credit of a fiduciary as such, the bank is authorized to pay the amount of the deposit or any part thereof upon the check of the fiduciary, signed with the name in which such deposit is entered, without being liable to the principal, unless the bank pays the check with the actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in drawing the check or with knowledge of such facts that its action in paying the check amounts to bad faith."); *Crawford Supply Grp., Inc. v. Bank of Am., N.A.*, 2011 WL 1131292, at *8-11 (N.D. Ill. Mar. 28, 2011) ("bad faith is shown where the bank suspects that the fiduciary is acting improperly and deliberately refrains from investigating in order [] to avoid knowledge that the fiduciary is acting improperly") (internal quotation marks omitted). In response to A Clear Title's motion for judgment on the pleadings, Plaintiffs say that Gondeck contacted a representative of Chicago Title, a Fidelity subsidiary, to ensure that A Clear Title was an agent of Chicago Title for purposes of the transaction, and that the representative forwarded to Gondeck an email from Fidelity's Vice President containing information regarding A Clear Title's Florida licensing. Doc. 37 at 4-6. Again, it is possible that those alleged facts, if considered, would bolster Plaintiffs' claims against Fidelity.

The general rule in this Circuit provides that a district court must consider additional facts set forth in a brief opposing a Rule 12(b)(6) or Rule 12(c) motion so long as those facts are

consistent with the complaint. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012); *Flying J, Inc. v. City of New Haven*, 549 F.3d 542 n.1 (7th Cir. 2008); *Help At Home, Inc. v. Med. Capital LLC*, 260 F.3d 748, 752-53 (7th Cir. 2001); *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992)). An exception to the general rule provides that a district court may *not* consider such facts to the extent they pertain to a claim sounding in fraud. *See Kennedy v. Venrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003). Fifth Third's and Fidelity's respective motions concern some claims that sound in fraud and others that do not, creating a difficult situation in which the court must consider the additional facts for some claims but not for others. Because Plaintiffs have indicated their willingness to file a second amended complaint, Doc. 32 at 5 n.3; Doc. 37 at 4 n.2, the court respectfully requests in the interests of efficiency and simplicity that they do so. Absent extraordinary circumstances, this will be Plaintiffs' last chance to properly plead their claims. The fact that Plaintiffs are being allowed to file a second amended complaint will not foreclose Fifth Third and Fidelity, or any other defendant, from seeking dismissal of some or all of the claims set forth in that pleading.

The second amended complaint shall not include the following claims. First, Plaintiffs have agreed to the dismissal with prejudice of their wire fraud claim (Count IV). Doc. 32 at 15. Second, the court dismisses with prejudice the securities fraud aiding and abetting claim against Fidelity and Fifth Third (Count VII, ¶¶ 115-116). The Supreme Court held in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 177-78 (1994), and reiterated in *Stoneridge Investment Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 162-63 (2008), that aiding and abetting liability is unavailable in private suits brought under § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b). Third, the court dismisses with prejudice the RICO aiding and abetting claim against Fidelity and Fifth Third (Count I, ¶¶ 79-80). Although

the Seventh Circuit has yet to decide the issue, *see Am. Auto. Accessories, Inc. v. Fishman*, 175 F.3d 534, 543 (7th Cir. 1999), the great weight of authority, including the only circuit to have expressly addressed the question, holds that there is no RICO aiding and abetting liability. *See Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 657 (3d Cir. 1998); *see also Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 976-77 (N.D. Ill. 2008); *Cobbs v. Sheahan*, 385 F. Supp. 2d 731, 738-39 (N.D. Ill. 2005); *Touhy v. N. Trust Bank*, 1999 WL 342700, at *2-4 (N.D. Ill. May 17, 1999); *Soranno v. N.Y. Life Ins. Co.*, 1999 WL 104403, at *7-8 (N.D. Ill. Feb. 24, 1999); *In re Lake States Commodities*, 936 F. Supp. 1461, 1475 (N.D. Ill. 1996). There are some outliers, including *American Automobile Accessories, Inc. v. Fishman*, 1996 WL 480369, at *6 (N.D. Ill. Aug. 22, 1996). But subsequent cases have persuasively explain why *Fishman* was incorrectly decided. *See Wooley*, 540 F. Supp. 2d at 977.

If Fifth Third moves to dismiss the second amended complaint, the court respectfully requests that the parties address whether the Illinois Fiduciary Obligations Act, 760 ILCS 65/1 *et seq.*, authorizes an affirmative claim for relief or, rather, simply provides a defense. *See Crawford Supply Grp.*, 2011 WL 1131292, at *10-11 (noting but declining to resolve the issue). Also, the court respectfully requests that Plaintiffs address Fifth Third's argument (assuming that Fifth Third renews it) that Article 4A of the Illinois Uniform Commercial Code "provides the exclusive legal framework to determine the rights, obligations, and liabilities of banks for claims relating to wire transfers." Doc. 33 at 10.

March 8, 2012

_____
United States District Judge